UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re * <br> * <br> PETER WOJTKUN, * <br> * <br> Debtor, * <br> ─────────────────────── * <br> * <br> PETER WOJTKUN, * <br> * <br> Appellant, * <br> * <br> v. * <br> * <br> JOSEPH G. BUTLER, *Chapter 7 Trustee,* * <br> *Estate of Peter Wojtkun*, * <br> * <br> Appellee. * | Civil Action No. 16-cv-10843-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Appellant-Debtor Peter Wojtkun appeals from a ruling by the bankruptcy court that granted the Trustee's "Motion for Authorization to Take Action as Sole Shareholder and Director of Corporation Owned Solely by the Debtor and for Order in Aid Thereof." For the reasons set forth below, the Court affirms the ruling.

**A.   Background**

Wojtkun filed a voluntary petition for Chapter 7 bankruptcy protection in the Bankruptcy Court for the District of Massachusetts on May 7, 2013. The court granted Wojtkun a discharge on August 13, 2013. At the time he filed his petition, Wojtkun was a practicing dentist and the sole shareholder of Peter Wojtkun DMD P.C., a Massachusetts professional corporation. Neither party has alleged that the corporation's articles of organization or its by-laws contain provisions concerning stock redemption or transfer, nor do the parties claim the existence of any

shareholder agreements to that effect. When Wojtkun filed his petition, his shares in the corporation transferred to the Trustee.

On February 25, 2016, the Trustee moved the bankruptcy court for authorization to take certain action as the sole shareholder and director of the professional corporation, including appointing himself as general manager in order to liquidate the corporation's assets for the benefit of Wojtkun's estate. Wojtkun opposed the motion. On April 12, 2016, ruling from the bench, the bankruptcy court granted the Trustee's motion. The court determined that "the only consequence of the failure of the disqualified person from achieving . . . one of the three requirements of [Section 13(a)] is that the corporation shall cease rendering professional services." The court further explained that "[i]t does not say anywhere that the disqualified person does not get to continue to try to achieve one of those three events. And I find that [the Trustee] can continue to do that under the statute . . . ." Wojtkun appeals this ruling.

### B.     Discussion

The Court reviews the bankruptcy court's conclusions of law de novo, and its factual findings for clear error. In re Cambridge Biotech Corp., 212 B.R. 10, 14 (D. Mass. 1997). "Where, as here, the core dispute is over a question of law, engendering de novo review," the Court is not "wedded to the bankruptcy court's rationale, but, rather, may affirm its decision on any independently sufficient ground made manifest by the record." In re Carvalho, 335 F.3d 45, 49 (1st Cir. 2003).

Under the Massachusetts statute governing professional corporations, individuals who are licensed to perform certain professional services, including dentists, may organize or hold shares in a professional corporation. Mass. Gen. Laws ch. 156A, §§ 2(b), 7, 10. The list of professionals who are permitted to operate a professional corporation includes attorneys, but does not include

bankruptcy trustees. Id. § 2(b). The statute defines two categories of individuals, "qualified" and "disqualified." Id. A "qualified person" is an individual or corporation who is eligible to own shares issued by a professional corporation. Id. A "disqualified person," by contrast, is ineligible to own shares in a professional corporation. Id.

The statute recognizes that shares in a professional corporation may be transferred from a qualified person to a disqualified person when one of several events occurs: the shareholder dies; the shareholder is unable to perform the professional service for six months or longer; the shareholder becomes incompetent or permanently disabled; the shares are "transferred voluntarily or by operation of law to a disqualified person;" or any other event specified in the corporation's articles of organization or by-laws. Id. § 12(a).

If any of these events occurs "with respect to the sole shareholder of a professional corporation," one of three actions must be taken: the corporation must be (1) liquidated or dissolved; or (2) merged or consolidated into another professional corporation that provides the same type of services; or (3) merged, consolidated, or changed into a business corporation organized under Chapter 156D. Id. § 13(a). "In the event that such action has not been taken within such twelve month period, the corporation shall cease rendering any professional service until all its shares are owned by one or more qualified persons and the corporation is otherwise in compliance with the terms of this chapter." Id. In addition, if one of the actions has not been taken within twelve months, the state secretary may dissolve the corporation. Id. § 15.

In this case, when Wojtkun filed his bankruptcy petition on May 7, 2013, ownership of his shares in the professional corporation were transferred, by operation of law, to the Trustee. Wojtkun was the sole shareholder, so the provisions of Section 13 apply. The Trustee did not

take any of the actions listed in Section 13(a) within the twelve-month period that ended on May 7, 2014. The parties agree that the Trustee is a disqualified person.

Wojtkun contends that, because the Trustee did not take one of the specified actions before May 7, 2014, he thereafter lost the power to do so.[1] He interprets Section 13(a) to require that the actions listed in that section must occur within the twelve-month period or not at all, and he argues that any other interpretation of this section would render the twelve-month period meaningless, and thus superfluous. See Wheatley v. Mass. Insurers Insolvency Fund, 925 N.E.2d 9, 14 (Mass. 2010) ("[A] statute must be construed so that 'effect is given to all its provisions, so that no part will be inoperative or superfluous.'" (quoting Bankers Life & Cas. Co. v. Comm'r of Ins., 691 N.E.2d 929, 932 (Mass. 1998))). Wojtkun argues that the consequence of a failure to act within the twelve-month period is that the corporation must cease rendering professional services and the state secretary may dissolve the corporation—and, impliedly, that the disqualified person holding the shares loses the power to perform any other actions. He also claims that the bankruptcy court's interpretation of the statute created a new property right not found in Chapter 156A, in violation of bankruptcy law. See Butner v. United States, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.").

The Court disagrees with Wojtkun's reading of Section 13. It appears that there are no published cases discussing this particular statute,[2] so the question is solely one of textual

---

[1] Wojtkun conceded in his opening brief that the Trustee had the power to "assemble, collect, recover and liquidate" the assets of the corporation prior to May 7, 2014. See Appellant Br. at 9.
[2] Wojtkun cites Lubin & Meyer, P.C. v. Lubin, 693 N.E.2d 136 (Mass. 1998), a case interpreting Section 12 (and apparently the only published case to do so). That case held that a deceased shareholder's estate could vote the shares in a professional corporation offering legal services, but the estate could not receive dividends, in part because allowing it to do so would violate the

4

interpretation. The statute plainly states that, if one of the three actions laid out in Section 13(a) has not occurred within twelve months, "the corporation shall cease rendering any professional service until all its shares are owned by one or more qualified persons and the corporation is otherwise in compliance with the terms of this chapter." Mass. Gen. Laws ch. 156A, § 13. This is all the statute has to say on the matter, aside from granting the state secretary the authority to dissolve the corporation, as set forth in Section 15. Nowhere does the statute say that the disqualified person holding shares in the corporation loses the power to perform the actions listed in Section 13(a) after the twelve-month period has expired. Further, nothing in the statute reasonably suggests that the loss of these powers should be implied.

In contrast to Wojtkun's interpretation, it appears that the purpose of the statute is to afford a professional corporation that has come under the control of a disqualified person a twelve-month grace period to continue operating while it gets its affairs in order. Once the grace period is up, the corporation must cease offering services until it has made the necessary modifications to the corporate form to comply with the law. This is a reasonable scheme, and reading the statute in this way does not render any language superfluous. Thus, the Court agrees with the bankruptcy court's conclusion that the Trustee did not lose the power to perform the actions listed in Section 13(a) after May 7, 2014, and accordingly, the motion was appropriately granted.

The Trustee has advanced two other arguments which concern Wojtkun's standing to bring the appeal and Wojtkun's duty to assist the Trustee with the liquidation of the estate. Having ruled in favor of the Trustee on the merits of the issue presented on appeal, the Court need not reach the Trustee's additional arguments.

---

rules of professional responsibility governing attorneys. Id. at 141. Lubin offers no real guidance here.

## C. Conclusion

Accordingly, the ruling of the bankruptcy court, granting the Trustee's motion to take certain actions as the sole shareholder and director of the corporation, is AFFIRMED.

**SO ORDERED.**

March 6, 2017                                    /s/ Allison D. Burroughs
                                                 ALLISON D. BURROUGHS
                                                 U.S. DISTRICT JUDGE